IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ONEIDA RIVERA,**

    **Plaintiff,**

v.                                     **CASE NO. 4:11-cv-509-RS-WCS**

**STATE OF FLORIDA,
DEPARTMENT OF HEALTH,**

    **Defendant.**
_____/

## ORDER

Before me is Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Memorandum in Opposition (Doc. 7).

### I. Standard of Review

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II. Background

Plaintiff was hired as Defendant's Budget Specialist for the Department of Health's Polk County office in April 2007. Throughout her employment, Plaintiff was the only African American in that office. Plaintiff never received a performance evaluation lower than "meeting expectations." Plaintiff contends that she was treated differently than similarly situated white employees by being excluded from meetings that were directly related to her duties as Budget Specialist while the white employees on the same employment level were allowed to attend.

On September 25, 2008, Plaintiff met with Lynn Ledford, Defendant's Human Resources Supervisor for Polk County, and was asked to resign "due to evaluations." Ledford informed Plaintiff that she had a letter of termination in her possession that would cause Plaintiff's immediate termination if she did not resign. Under the threat of termination, Plaintiff resigned, effective December 1, 2008. Plaintiff contends that this was a constructive discharge by Defendant. Plaintiff sought reversal of her resignation on multiple occasions.

Plaintiff brought this suit alleging race discrimination under 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981, and Chapter 760, Florida Statutes.  Defendant now brings this motion to dismiss.

## III. Analysis

To establish a *prima facie* case of racial discrimination, Plaintiff must prove: (1) that she belongs to a protected class, (2) she was qualified to do the job, (3) was subjected to an adverse employment action, and (4) her employer treated similarly situated employees outside her class more favorably.  *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).  Plaintiff is black, received satisfactory work evaluations, claims her resignation was a constructive discharge, and alleges similarly situated employees were able to attend meetings while she was not because of her race.  Taking Plaintiff's facts and allegations as true, Defendant's motion is **DENIED**.

**ORDERED** on November 18, 2011.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**